[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#142.00)
In his second revised complaint the plaintiff Frank Creamer, a resident and retired police officer of the defendant Town of Greenwich (Greenwich or Town), alleges claims against the Town, its first selectman, the Greenwich Board of Estimate and Taxation and its chairman, the Greenwich Retirement Board and its chairman, and the Town's comptroller.
Creamer alleges that he is one of approximately nine hundred retirees of Greenwich and that he brings this action on his own behalf and on behalf of all other retired municipal employees similarly situated. (Count one, ¶ 2). He has not moved for class action status. Creamer alleges that he is entitled to pension and other retirement benefits including health insurance. (Id. ¶ 1). He further alleges that Greenwich and the officials and boards named as defendants have (1) failed to properly monitor employee contributions in the Town pension plan, (2) failed to record all proceedings pursuant to the Greenwich Municipal Code, (3) allowed misappropriations by the Town from the pension plan, (4) failed to properly account for and invest pension funds, (5) failed to maintain separate accounts and generally failed to oversee the security and management of the Town retirement system. (Counts one through eight).
In counts nine through sixteen Creamer alleges that the defendants have mismanaged the Town health insurance plan by inter alia. (1) failing to properly calculate the contributions of retirees, employees and the Town, (2) misappropriating funds, and (3) failing to invest funds.
The defendants have moved to dismiss the complaint on the ground that Creamer lacks standing to prosecute his complaint. In accordance with CT Page 8880 Practice Book § 10-31(a)(1) a motion to dismiss is the format in which to raise the issue of whether a court has subject matter jurisdiction over all, or parts, of a plaintiff's complaint. The issue of standing is inextricably intertwined with the issue of subject matter jurisdiction. A plaintiff must have standing to assert the claims in his complaint in order for a court to have subject matter jurisdiction to adjudicate the claims. Ramos v. Vernon, 254 Conn. 799 (2000). "Standing is the legal right to set judicial machinery in motion." ArdmareConstruction Co. v. Freedman, 191 Conn. 497, 501 (1983) [quoting Hilandv. Ives, 28 Conn. Sup 243, 245 (1966)]. Since this court's jurisdiction over the plaintiff's claims is tied directly to whether he has standing to bring them, the defendants' motion to dismiss is the appropriate means to contest the issue of standing.
The defendants have filed affidavits in support of their motion to dismiss. In an affidavit by defendant Edward Gomeau, Town Controller, it is asserted that the plaintiff, a retiree since 1989, is entitled to pension benefits that were negotiated between the Town and the police union, the Silver Shield Association. Gomeau asserts that Creamer's pension is what is known as a defined benefit plan in that the monthly benefit is a specified dollar amount which is established before the benefits are payable and which amount does not change over the years. Thus Creamer has been receiving, and will receive, the same monthly pension payment throughout his retirement years.
In another affidavit, Alfred Cava the Director of Human Resources for the Town of Greenwich states that Creamer and other retirees are covered by a group health insurance plan and that Creamer's contribution toward the insurance is the amount that the insurance premium exceed $700.00. Cava states that the premium is set by an outside consultant and that the money the town uses to pay its share of the premium is an "item in the Town's budget" and wholly separate from the pension plan assets.
In response to the motion to dismiss Creamer does not contest that his pension benefits are as described in the Gomeau affidavit, i.e. pre-set and unchanging in amount regardless of investment performance. At oral argument Creamer conceded that he is not alleging his benefits have been, or will be, reduced. Simply stated Creamer contends that he has standing to assert the claims that the pension program in Greenwich has been operated illegally solely on the basis that he is a retiree and pension beneficiary:
 "We're alleging that there were illegal actions committed by the pension board and we have a right to call them to task."
Transcript, April 1, 2002, pp. 18-19; see also id. p 22 CT Page 8881
A court's examination and analysis of standing focuses on the party asserting the claim and not on the merits of the claim itself. See, Nyev. Marcus 198 Conn. 138 (1985). The Connecticut Supreme Court has stated that standing is:
 a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicated nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy with each view fairly and vigorously represented . . . The requirements of justiciability and controversy are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer.
Connecticut Assn. of Health Care Facilities, Inc. v. Worrell,199 Conn. 609, 612-6 13 (1986). A personal stake in the outcome of litigation provides assurance of concrete adversity and diligent advocacy. As long as there is some nexus between the injury and the claim sought to be adjudicated the injury need not be great. Maloney v. Pac,183 Conn. 313 (1981).
With regard to his claims regarding the Greenwich pension program Creamer has not shown any colorable claim of injury. In Ganim v. Smithand Wesson Corporation, 258 Conn. 313 (2001), the Connecticut Supreme Court emphasized that the heart of the standing issue, i.e. whether the plaintiff can claim "direct" injury, is a question of judicial policy. Id. 349-3 50. While Connecticut standing cases focus on the concept of `direct injury' they often do not articulate what this means. Federal cases in the same area sometimes use the phrase `injury in fact' which is defined as particularized injury or one that affects the plaintiff in a personal and individual manner. See Lujan v. Defenders of Wildlife,504 U.S. 555, 560 and n. 1 (1992). The direct injury in fact concept was articulated by the United States Supreme Court:
 "to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action, he must show that he has sustained or is immediately in danger of sustaining a direct injury as a result of that action, and it is not sufficient that he has merely a general interest common to all members of the public."
Ex Parte Levitt, 302 U.S. 633, 634 (1937). CT Page 8882
In this case, Creamer has conceded that his pension benefit will not be affected beneficially or adversely by the improper and unlawful acts by the defendants which he alleges. While his complaint alleges that he has suffered "loss and damages" the undisputed facts show, and he has conceded, that his monthly benefits have not been, nor will they be, affected by any of the alleged illegal claims. Indeed the record indicates that with respect to the pension issues, Creamer has nothing directly to gain or lose by this litigation. The alleged loss and damages arising from the defendant's wrongful acts therefore, is not the direct particularized and individual injury required for standing.[1]
The standing issue with respect to the health insurance claims is quite different. Greenwich concedes that Creamer's health insurance premium obligation can vary from year to year. Therefore he has a direct and individual stake in keeping that premium obligation as low as possible. While Greenwich contends vociferously that Creamer's premium is based solely on the basis of the prior year's claim history, and thus is wholly unrelated to his claims of illegal activities, the facts are not clear as to this point, particularly in light of Creamer's allegation that health insurance funds have been misappropriated. Therefore Creamer's allegation that he has been or will be injured by increases in health insurance premiums is a sufficient colorable claim of direct injury for standing purposes.
For the foregoing reasons the motion to dismiss the first through eighth counts is granted. The remainder of the motion is denied.
 ___________________ Adams, J